To: The Clerk of Court

Re: Clerk's Coversheet for Emergency Filing

United States District Court for the District of South Carolina

Charleston Division

Case:

Dear Clerk,

Plaintiff respectfully submits this packet as an emergency filing pursuant to Rule 65 and 28 U.S.C. § 1915. Plaintiff requests immediate docketing and review for emergency relief, including monetary relief and remedies, due to life-threatening and ongoing harms described in the accompanying filings. Plaintiff's claims and petition are not frivolous or malicious, as years of documentation demonstrate ongoing, compounding, and preventable harms.

Due to ongoing life threatening constitutional violations, extreme financial hardship, and physical impairments caused by the actions of others, Plaintiff respectfully requests that this case be expedited. The circumstances described in Plaintiff's Petition, Emergency Motion for Relief, Summary Judgement, or expedited trial demonstrate the need to prevent further imminent and severe harms that endangers Plaintiff's life.

Plaintiff respectfully submits the enclosed documents for filing and notes that, pursuant to approval of the Motion to Proceed In Forma Pauperis, service on the defendants will be effectuated by the U.S. Marshals Service. Plaintiff has included all documents to the defendants, including this cover letter and certificate of service by the U.S. Marshals (form USM-285) to demonstrate good faith and to facilitate the efficient processing of this case.

Included in the Petition Packet:

- Clerk's Emergency Cover Letter
- Civil Cover Sheet (JS44) - Additional defendants are listed on a separate sheet attached to the JS-44 Civil Cover Sheet to ensure all parties are included in the filing
- Application to Proceed In Forma Pauperis (IFP) and Declaration in Support
- Table of Authorities
- Emergency Petition and Complaint
- Motion for Emergency Relief, and Summary Judgement or Expedited Trial by Jury within 30 days
- Ex Parte Emergency Motion for Immediate Consideration and Temporary Restraining Order (TRO)
- Motion for Trial by Jury (in compliance with local rules, if summary judgement is not granted)
- Limited Attachments and Supporting Exhibits, provided due to financial and time constraints, but still reflecting the totality of evidence

- Rule 26.1 Disclosure (for corporate defendants)
- U.S. Marshals Form (USM-285) for Certificate of Service, pursuant to Court's approval of IFP status and Certificate of Service Document
- Summons in Civil Action for each Defendant
- Copies of the Petition for each Defendant

Plaintiff: Laura Elizabeth Grice, Pro Se, Sui Juris

Defendants:

- Governor Ronald DeSantis, in his individual and official capacity as Governor of the State of Florida
- Governor Henry McMaster, in his individual and official capacity as Governor of the State of South Carolina
- Attorney General Alan Wilson, in his individual and official capacity as Attorney General of the State of South Carolina
- Florida State University, in its Official Capacity

Case Caption – *Grice v. Governor DeSantis, et al.*

This is an Original Proceeding involving ongoing claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and violations of Constitutional and Civil Rights under 42 U.S.C. § 1983. It also encompasses federal statutory claims, gender- and other- based discrimination, including but not limited to the Violence Against Women Act (VAWA) and the Rehabilitation Act of 1983 and the American with Disabilities Act (ADA). The Plaintiff lived in South Carolina when the undisclosed harms first occurred originating from Florida; then briefly lived in both South Carolina and Florida, relocated and lived in Florida, where the harms and concurrent state-court proceedings – and in Florida a state case moved to federal court. The Plaintiff, who had financial standing and was a party although not a named plaintiff to the Florida Federal case, which involved her properties (financial, intellectual, labor without pay), prohibited from filing in the Federal Court case, and later the former clerk apologized for not allowing Plaintiff to file in the Federal Court.

There were factually alleged violations of Due Process of Law, Constitutional, Civil, Fundamental and Basic Human Rights, the RICO Act, Hobbs Act, Sherman Act, Unlawful Restraints, Unlawful Financial Indebtedness and through the Courts, Physical, Financial, and other serious injuries which continue to present date.

Subsequently, in 2021 the Plaintiff moved back to South Carolina to avoid threats of homelessness from her Florida home in which she was denied discovery, hearings, a jury trial for property over 20.00, the injurious conduct persisted, despite the Plaintiff was under duress, distress, and suffering severe health issues (related to court cases and defendants). The Plaintiff, never gave consent and objected to violations which the Plaintiff escalated to the Governors, Attorney General, and others including in 2025 Congressional Oversight Committees and the United States Inspector General.

The case further involves prior waivers of the Eleventh Amendment through removal of the state court cases to federal court and Congressional exceptions, equal protections, as well as other causes of action described in the Plaintiff's Civil Coversheet (Form JS 44 Rev.03/24), Table of Authorities, Emergency Petition and Complaint, among other filings and documentation.

The Court has Federal Question Jurisdiction under 28 U.S.C. § 1331, because the case involves violations of federal law and Constitutional rights. The case also satisfies the criteria for Diversity Jurisdiction under 28 U.S.C. §1332, as the parties are of different states.

As noted in the Petition, Plaintiff seeks substantial damages for the ongoing and extensive constitutional violations, resulting in serious harms to Plaintiff, including, without limitation, the alleged and preventable harms described below:

- Complex Rico Violations
- Multiple Interstate Defendants
- Conspiracy against Constitutional Rights
- Obstruction of Justice
- Financial injuries, including factually alleged embezzlement, fraud, wire fraud, mail theft, and multifaceted property violations, including peonage/modern day slavery, among other issues also involving Petitioner's properties
- Physical injuries
- Unlawful restraints
- Intentional Infliction of Emotion Duress
- Cruel and Inhuman Treatments
- Violations of the Violence Against Women Act (VAWA), Informed of Serious Physical Health Issues (ADA)
- Violations of Constitutional, Civil, Common Law, and Fundamental Basic Human Rights, Federal Supremacy Clause, SCOTUS Rulings, Federal Statues, abuses and other harms described in the Petition and Complaint

The amount in controversy, based on applicable case law, is substantial. Under *Trezevant v. City of Tampa*, damages in this matter could amount to approximately $1.8 million per day. In *D.L. v. Jackson*, the court awarded approximately $1.2 billion in a case which involved privacy violations and intentional infliction of emotional distress. Considering the physical, financial, emotion harms, unlawful restraints, loss of property, other violations, and the totality of resulting preventable harms since at least 2019 (originating in Florida), and using only the *Trezevant* calculation, excluding potential RICO treble damages and other relief sought, the damages exceed $4 billion to date, emphasizing the serious and ongoing injuries sustained over multiple years.

Given the severity and urgency of these claims, Plaintiff respectfully requests expedited consideration to prevent further imminent harm, including threats to Plaintiff's ability to sustain life.

Plaintiff is Pro Se, Sui Juris, lives and was born in the state of South Carolina and also lived in the State of Florida. Plaintiff lived in both states during the onset of physical and other injuries.

Defendants Governor Ronald DeSantis and Florida State University are located in Florida, while Governor Henry McMaster and Attorney General Alan Wilson are located in South Carolina.

Due to financial hardship, Plaintiff has listed the defendants in this filing. Other parties connected to this case are identified in the Petition and accompanying attachments/exhibits to address any potential conflicts of interest. The named defendants were informed of certain additional parties involved and allowed preventable serious harms to continue, thereby bearing ultimate responsibility. They may, if warranted, seek subrogation or pursue Declaratory Alleged Criminal Complaints for potential indictments.

Given the federal jurisdictional requirements, the nature of the claims, and Plaintiff's financial and physical limitations, Plaintiff respectfully requests that this case be assigned to the Charleston Division of the United States District Court for the District of South Carolina and be heard by an Article III Judge with a Trial by Jury.

Respectfully submitted,

*[signature: Laura Elizabeth Grice]*
*[signature: Laura Elizabeth Grice]*

Laura Elizabeth Grice, Pro Se, Sui Juris
P.O. Box 33
Sullivan's Island, SC 29482
(Physical address is an undisclosed Women's Shelter for Abused Women,
where Petitioner is temporarily residing due to abuses and serious, preventable
financial, physical, and other harms, and to avoid homelessness.)

Contact: LauraEGrice@icloud.com
Cell (text only please): 803-528-1795

Date: December 10, 2025

Footnote: Petitioner respectfully does not consent to disposition of this matter by a U.S. Magistrate Judge under 28 U.S.C. § 636(c), and requests that the matter be referred to an Article III District Judge for consideration.

4