**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Laura Elizabeth Grice,<br><br>    Plaintiff,<br>  v.<br><br>Governor Ron DeSantis;<br>Governor Henry McMaster;<br>Attorney General Alan Wilson; and<br>Florida State University,,<br><br>    Defendants. | Case No. 2:25-cv-13821-RMG<br><br><br>**ORDER & OPINION** |

The Magistrate Judge made a Report and Recommendation (Dkt. No. 17) in this case, recommending that this action be dismissed without prejudice and without leave to amend, and that Plaintiff's pending motions (Dkt. Nos. 4, 5, 12, 16, 20) be denied or dismissed. Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 19).

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

## II. Discussion

The Court has carefully reviewed the Magistrate Judge's comprehensive 28 page Report and Recommendation, Plaintiff's objections, and the record in this case. Plaintiff's objections

1

largely restate the allegations set forth in the Amended Complaint and do not identify any specific cognizable legal error in the Magistrate Judge's analysis.

As the Magistrate Judge thoroughly explained, Plaintiff's claims are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) because the Amended Complaint fails to state a claim upon which relief may be granted. (Dkt. No. 17 at 10–11). Plaintiff's action rests on the factually frivolous premise that Defendants conspired with her ex-husband, attorneys, judges, and state officials to violate her rights. (*Id*. at 12–13). The Magistrate Judge correctly determined that Plaintiff's criminal claims fail because a private citizen cannot obtain criminal charges through a civil action (*Id*. at 13–14); her RICO claims amount to an impermissible collateral attack on state court proceedings (*Id*. at 14–15); her claim under 42 U.S.C. § 14141 fails because only the United States Attorney General may bring suit under that statute (*Id*. at 16); her claims under 42 U.S.C. §§ 1983 and 1985(3) are deficient because she has not alleged state action or class-based discriminatory animus (*Id*. at 16–19); her ADA, Sherman Act, Defend Trade Secrets Act, ECPA, and Stored Communications Act claims are each insufficiently pleaded (*Id*. at 19–25); and this Court lacks supplemental jurisdiction over any remaining state law claims (*Id*. at 25).

The Magistrate Judge also properly recommended denial of Plaintiff's motions for emergency injunctive relief (Dkt. Nos. 5, 12) because Plaintiff has not demonstrated a likelihood of success on the merits. (Dkt. No. 17 at 26). Plaintiff's Motion for Trial by Jury (Dkt. No. 4), Motion for Referral to Article III District Judge (Dkt. No. 16), and Motion to Amend the Complaint (Dkt. No. 20) are moot in light of this dismissal. (Dkt. No. 17 at 26 n.8).

Having conducted a de novo review of the record, the Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and correct. Plaintiff's objections are without merit.

### III.     Conclusion

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 17) as the Order of the Court.  This action is **DISMISSED** without prejudice and without leave to amend. Plaintiff's Motion for Emergency Relief (Dkt. No. 5) and Motion for Temporary Restraining Order (Dkt. No. 12) are **DENIED**.  Plaintiff's Motion for Trial by Jury (Dkt. No. 4), Motion for Referral to Article III District Judge (Dkt. No. 16), and Motion to Amend the Complaint (Dkt. No. 20) are **DISMISSED AS MOOT**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 5, 2026
Charleston, South Carolina

3